## PORELLO v STATE

Ohio Supreme Court

No 21579. Decided June 19, 1929

Syllabus by ALLEN, J.

### CRIMINAL LAW

(190 C8) A police officer of a municipality is authorized without a warrant to arrest a person found on the public streets of the corporation carrying concealed weapons in violation of 12819 GC, although such police officer has no previous personal knowledge of the fact, if he acts **bona fide** and upon such information as induces an honest belief that the person arrested is in the act of violating the law.

When a person is rightfully arrested upon a charge of carrying concealed weapons contrary to law, the revolver which is taken into custody of the police is admissible in evidence upon the trial, and upon motion of the defendant to return such revolver or suppress it as evidence, the trial court does not commit error in refusing such application.

The words "concealed on or about his person" in 12819 GC, mean concealed in such proximity to the person as to be convenient of access and within immediate physical reach.

A firearm is concealed about the person of the driver of an automobile when he carries it in the pocket of the automobile door in his immediate proximity.

Under 12692 GC, if the defendant seeks to justify the carrying of such weapon concealed on or about his person, the burden of proof is upon the defendant to show by a preponderance of all the evidence

that at the time of carrying the weapon in question he was engaged in a lawful business, calling or employment, and that the circumstances in which he was placed justified a prudent man in carrying such weapon for the defense of his person, property or family. However, the burden does not shift from the state to establish every material allegation of the indictment beyond a reasonable doubt.

Marshall, CJ, Kinkade, Matthias and Day, JJ, concur.

## EMERY v TOLEDO (city) et

Ohio Supreme Court

Nos 21596 & 21776. Decided June 19, 1929

Syllabus by MARSHALL, CJ.

### REAL ESTATE

(510 A6) In appropriating private property to municipal uses, the determination of the municipality of the fact and extent of the public need and the uses to which the property shall be subjected is legislative and political, and may not be questioned in the appropriation proceedings against the property owner.

In such appropriation proceedings the only issue relates to the value of the property.

An owner whose property is being appropriated by a municipality may, at any time before the issue of value is determined, invoke the aid of a court of equity to determine whether the use is a public one, or whether the municipality in its legislative proceedings has complied with reasonable strictness with the statutes whereby the power to appropriate is conferred, or whether the municipality is acting in good faith or abusing its power.

Where such equitable issue is determined by the court of appeals upon evidence which is in conflict and no motion for a new trial is filed, the evidence will not be reviewed by this court.

**Quaère:** whether property appropriated by a municipality for a specified use may be used for any purpose having no definite relation to the use declared in the municipal legislation declaring the necessity for the use.

Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ, concur.